**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **WALTER HOLLIMAN,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **No. 3:04cv0744 AS** |
| | ) | |
| **ED G. BUSS,** | ) | |
| | ) | |
| **Respondent** | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about December 3, 2004, *pro se* petitioner, Walter Holliman, an inmate at the Westville Correctional Center (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on May 12, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a handwritten but readable Traverse on May 25, 2005, which this Court has carefully examined.  The Attorney General has placed before this Court a series of documents designated A through H, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition, he was incarcerated in the WCF in this district.  He was the subject of a prison disciplinary proceeding designated as WCC 04-08-0675, in which he was found to have been in possession or use of an explosive, ammunition hazardous chemical or dangerous or deadly weapon.  The sanction included a deprivation of 90 days earned credit time and a demotion from credit class I to credit class II.  That demotion was suspended, but the 90-day deprivation stood and implicates *Wolff v.*

*McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The Court of Appeals in this circuit has ruled that these proceedings are not "court" proceedings and certainly the limited due process of *Wolff* does not contemplate full-blown court proceedings. The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, the ADP violations are state law under *Estelle*. *See also Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

This petitioner has failed to present to this court a basis for relief under 28 U.S.C. §2254, and such is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** May 26, 2005

                                      **s/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**